## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAUL MELANGAGIO, et. al., | ) | CASE NO. 8:05CV451 |
| | ) | (MDL Docket No. 1532) |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | DENYING MOTION TO REMAND |
| GENERAL MOTORS CORP., et. al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the "Stipulated Motion to Remand" (Filing No. 55) filed jointly by the Plaintiffs and the Defendant National Automobile Dealers Association ("NADA"). The motion to remand was filed on October 21, 2005. On October 26, 2005, the Court received the Conditional Transfer Order ("CTO") from the Clerk of the Multidistrict Litigation Panel, stating that this matter is conditionally transferred to the District of Maine and assigned to Judge D. Brock Hornby. The CTO does not become effective until it is filed by the Clerk of the United States District Court for the District of Maine. (Judicial Panel on Multidistrict Litigation, Rule 1.5.). The transmittal of the CTO is stayed at least fifteen days to permit objections to be lodged with the Clerk of Court in the District of Maine. Thus, the CTO will not become effective, at the earliest, until November 10, 2005. Some, but not all, of the other Defendants in this action have filed a joint brief and index in opposition to the Stipulated Motion to Remand. (Filing Nos. 66 and 67).

First, a note on this Court's jurisdiction to consider this matter in light of the CTO. The pendency of a conditional transfer order pursuant to 28 U.S.C. § 1407 "does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." (Judicial Panel on Multidistrict Litigation, Rule 1.5.) *See also, Illinois Mun. Retirement Fund v. Citigroup,*

*Inc.,* 391 F.3d 844, 850 (7th Cir. 2004)(affirming district court's remand of case after receipt of conditional transfer order and before final order of transfer), and *Abdullah v. Acands, Inc.*, 30 F.3d 264, 270, n. 7 (1st Cir. 1994)(affirming a dismissal of complaint under Fed. R. Civ. P. 42(b) before final transfer order under 28 U.S.C. § 1407).  This Court maintains jurisdiction until the final transfer order is entered.  Accordingly, I turn to the Stipulated Motion to Remand, which might more properly have been captioned a Stipulation between Plaintiffs and NADA, and a Joint Motion to Remand.

NADA removed this action from state court by filing a Notice of Removal on September 23, 2005.  On the same date, NADA informed the MDL Panel of the pendency of the case, and of the case's potential as a complementary action to several cases pending in the District of Maine. With the filing of the Stipulated Motion to Remand, however, NADA and the Plaintiffs have agreed that on the date that NADA filed the Notice of Removal in this Court, NADA was not a party to this action.  (Filing No. 54).   If this representation is accurate, then NADA was without authority to remove the case and this Court lacks jurisdiction over the matter.  Certain other Defendants, however, have filed a brief in opposition to the motion to remand.

"A defendant has a right to remove a case from state to federal court if the plaintiff's cause of action arose under federal law."  *Crews v. General American Life Ins. Co.*,  274 F.3d 502, 504 (8th Cir. 2001).  The issue before this Court is not when this case was commenced, but rather, whether NADA was a defendant at the time of removal.  "The question whether a particular party is a 'defendant' for purposes of removal is a matter of federal law."  *Minot Builders Supply Ass'n v. Teamsters Local 123*, 703 F.2d 324, 327 (8th

Cir. 1983)(finding that a union, as a party to a collective bargaining agreement, was a defendant in a case where its member was attempting to proceed *ex parte*).

It is necessary to this discussion, however, to consider Neb. Rev. Stat. § 25-217 (Cum. Supp. 2002). That statute provides that an action is commenced on the date the petition is filed with the court. It also provides that, as to any defendant who is not served within six months from the date the petition is filed, the action shall stand dismissed without prejudice. Such dismissal is automatic. *See State Farm Mut. Auto. Ins. Co. v. Allstate Ins. Co.*, 684 N.W.2d 14, 21-22 (Neb. 2004).

All the parties agree that the state case was commenced by the filing of the petition on February 4, 2005, and that NADA was not served until August 25, 2005, more than six months after the filing of the original petition. The Defendants argue, however, that the Plaintiffs' and NADA's Stipulated Motion to Remand omits pertinent information about an intervening event. Defendants state that between February 4, and the removal on September 25, 2005, the following events transpired:

- on April 14, 2005, Plaintiffs filed an Amended Class Action Complaint;

- on August 16, 2005, the state court issued a summons for NADA; and

- on August 25, 2005, Plaintiffs served NADA with the summons and the Amended Class Action Complaint.

NADA confirms the accuracy of these dates in its Notice of Removal. (Filing No. 1, pp. 1 and 11). NADA concedes in its Motion to Dismiss filed on September 13, 2005 (Filing No. 1 at p. 35), that it was served on August 25, 2005, . The Defendants contend that service of process of the Amended Class Action Complaint was obtained on NADA on August 25,

2005, within six months of the filing of the Amended Complaint, and that NADA was a proper defendant at the time of the removal.  I agree.

I find that NADA was served with the summons and Amended Class Action Complaint in a timely manner, and that at the time it filed the Notice of Removal, NADA was a defendant in this case.   As a defendant, NADA had the authority to remove this case pursuant to 28 U.S.C. § 1441(a).  This Court has jurisdiction over the case, and the Stipulated Motion to Remand will be denied.

I also note that where a defendant is dismissed from a case after it is properly removed to federal court, the Court's jurisdiction is not affected by such dismissal.  *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289-90 (1938) ("[e]vents occurring subsequent to the institution of suit  . . . do not oust jurisdiction" referring in that case to jurisdictional amount); and *see* Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3721.  NADA's status in this action is unclear.   The Plaintiffs and NADA are directed to file a joint motion to dismiss NADA that complies with the requirements of Fed. R. Civ. P. 41, if that is in fact their intention, on or before November 18, 2005.

IT IS ORDERED:

1.      The Stipulated Motion to Remand that I treat here as a joint motion of the Plaintiffs and NADA to Remand (Filing No. 55) is denied; and

2.      The Plaintiffs and NADA are directed to file a joint motion to dismiss NADA, if at all, on or before November 18, 2005.

Dated this 9th day of November, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

4